## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JAMES DARREN COLBERT,

                        Plaintiff,

vs.                                                            Case No. 09-CV-168-GKF-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                        Defendant.

### OPINION AND ORDER

Counsel is advised that failure to fully comply with the instructions in this Order will

result in a recommendation that the complaint be dismissed for Plaintiff's failure to effect

service withing the time provided by Fed. R. Civ. P. 4(m) and for failure to follow pretrial

orders of the court.  Fed. R. Civ. P. 16(f)(1)(C).

Fed. R. Civ. P. 4(l)(1) provides:

> *Affidavit Required.*  Unless service is waived, proof of service
> must be made to the court.  Except for service made by a
> United States marshal or deputy marshal, proof must be by the
> server's affidavit.

This action was filed on March 25, 2009.  The docket does not reflect that service

has been waived.  The file does not contain an affidavit reflecting proof of service.

By Order entered June 24, 2009, the undersigned noted that no return of service

had been filed.  Plaintiff was advised that he had thirty days from the date of the Order in

which to file a return of service or the action was subject to dismissal pursuant to Fed. R.

Civ. P. 4. [Dkt. 5].  No return of service was filed within that time frame nor has one been

filed to date.

On July 29, 2009, the undersigned issued a Show Cause Order directing counsel for Plaintiff to show cause on or before August 12, 2009, why the action should not be dismissed for failure to comply with the order of the court and Fed. R. Civ. P. 4(m). Counsel was further advised "late filing of returns of service will not suffice to demonstrate compliance with this Show Cause Order.  A written response explaining counsel's failure to perfect service or to request an extension of time to do so is required."  [Dkt. 6].

On August 3, 2009, counsel filed a document captioned "Reply to Cause Order" in which counsel stated:

> Each defendant was properly served within 120 days after the complaint was filed.  Responses were received by the Attorney General of the United States and the Office of Regional Counsel, Region VI.  A response has not been received by Michael J. Astrue, Commissioner of Social Security.  A copy of the service and responses can be found on the following page.

[Dkt. 7, p. 1].  Copies of certified mail return receipts demonstrating delivery of some article to the Attorney General of the United States and to the Office of Regional Counsel are attached to Plaintiff's "Reply to Cause Order."  [Dkt. 7-2].  The attachment also contains a certified mail receipt addressed to Michael J. Astrue, Commissioner of Social Security C/O Civil Process for the U.S. Attorney for the Northern District of Oklahoma." [Dkt. 7-2]. However, that receipt does not bear a postmark or any indication that a document was in fact mailed.  The "Reply to Cause Order does not contain an explanation of counsel's efforts to obtain service on the United States Attorney for this district as required by the Show Cause Order.

In view of the absence of a postmark on the certified mail receipt for the local United States Attorney, the absence of a return receipt, the absence of an entry of appearance by the U.S. Attorney, counsel's failure to file returns of service as directed in the June 24, 2009

2

Order, and counsel's failure to provide an explanation of the failure to perfect service on the U.S. Attorney or to advise of follow up efforts taken to determine if service was in fact effected, the court finds that Plaintiff has not complied with the requirement of Fed. R. Civ. P. 4(i)(1) to serve the United States Attorney for the district where the action is brought.

In accordance with Fed. R. Civ. P. 4(i)(4)(A) the court allows Plaintiff until September 18, 2009, in which to serve the United States Attorney for the Northern District of Oklahoma as required by Fed. R. Civ. P. 4(i)(1)(A) and to file a proper return of service demonstrating that has been accomplished.  However, Plaintiff is required to serve the United States Attorney in accordance with the procedure set out in Fed. R. Civ. P. 4(i)(1)(A)(i) for personal delivery of the summons and complaint to the United States Attorney, or to an appropriate designee.  Further, Plaintiff is required, on or before August 28, 2009, in conformity with Fed. R. Civ. P. 4(l)(1) to file proper returns of service demonstrating service of a summons and complaint on the Attorney General of the United States and the Office of Regional Counsel.

IT IS HEREBY ORDERED AND DECREED THAT:

On or before August 28, 2009, Plaintiff shall file returns of service in conformity with Fed. R. Civ. P. 4(l)(1) demonstrating service of a summons and complaint on the Attorney General of the United States and the Office of Regional Counsel; and

On or before September 18, 2009, Plaintiff shall file a return of service demonstrating service of a summons and complaint on the United States Attorney for the Northern District of Oklahoma, or an appropriate designee by personal delivery in accordance with the procedures set out in Fed. R. Civ. P. 4(i)(1)(A)(i).

3

SO ORDERED this 19th day of August, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE